### ETTER v. McLENNAN COUNTY.

(Court of Civil Appeals of Texas. Austin. March 12, 1913. Rehearing Denied April 23, 1913.)

COURTS (§ 57*)—COURT STENOGRAPHERS—COMPENSATION—CERTIFICATE OF JUDGE.

Acts 1909, 31st Leg. (1st Called Sess.) c. 39, § 8, provides that, if in any district the official shorthand reporter shall within the judgment of the court have rendered more services to the court in the discharge of his duties than the act provides for, the district judge shall certify to the commissioner's court, whether the compensation is commensurate with the services performed, and, if not, that the certificate of said judge shall state the amount that the reporter should receive from each county in the district, and the same shall be a claim against the county. Held, that the statute meant that, if the per diem received in any given period should not be commensurate with the services performed during that period, the district judge should certify such fact to the commissioners' court, stating the additional amount which should be paid, and that a certificate that the stenographer "rendered more services to the court" than the statute provided compensation for without stating the amount which in the court's judgment the reporter should receive was insufficient.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 198–200; Dec. Dig. § 57.*]

Appeal from McLennan County Court; Sam E. Stratton, Special Judge.

Action by Hall Etter against McLennan County. From a judgment for defendant, plaintiff appeals. Affirmed.

Pat M. Neff and D. C. Woods, both of Waco, for appellant. E. J. Clark, of Waco, for appellee.

### Findings of Fact.

JENKINS, J. Appellant herein, at the time the services for which he brings suit were rendered, was the duly appointed and qualified official stenographer of the Fifty-Fourth judicial district at Waco, Tex. There was pending before the county judge of McLennan county the trial of J. B. Witty upon the charge of lunacy. Appellant was requested by the county attorney of McLennan county to take the testimony in said lunacy proceedings, the said Witty at that time being charged by affidavit with the offense of murder, and the said county attorney desired a correct report of the testimony to be taken in said lunacy proceedings, in order that he might determine, first, whether or not the said Witty should be indicted for the offense of murder, and, if he was, that he might have the benefit of the testimony taken on said lunacy trial in examining the witnesses upon the murder trial. Appellant, after said request was made by said county attorney, went through the district court room and spoke to the district judge about the matter, explaining to him the request that had been made by the county attorney, and said district judge said, "All right, go ahead." Appellant then went to the county court room, and reported to the assistant county attorney. The county judge then appointed appellant official stenographer in that proceeding to take the testimony, which he did, and for which he was paid the sum of $5 per day. The said Witty was committed for lunacy on said trial; and in compliance with law that the authorities should be furnished with a statement of the testimony taken appellant made out a brief statement in narrative form of the testimony of each of the witnesses, which was signed and sworn to by said witnesses, and for this he received the amount for which he rendered his bill. Subsequently the said Witty was discharged from the asylum, and said county attorney then requested appellant to make out for him in the form of questions and answers the testimony taken on said trial. This he did, and made out and presented to the commissioners' court of McLennan county the following bill, with the indorsements thereon:

"Waco, Texas, June 1, 1911. McLennan County to Hall Etter, Dr. To services rendered under the direction of the court and the county attorney in the following matters: March 30th, 1911, testimony in the case of the State of Texas vs. J. B. Witty, non compos mentis, $215.00. May 30th, 1911, testimony on ex parte hearing N. A. Floyd, $7.50. Total, $222.50. Approved: Pat M. Neff, County Attorney. Approved: Richard I. Munroe, Judge.

"It being the judgment of the court that in doing the work for which the above charges are made, Hall Etter, the official shorthand reporter of this court has rendered more services to the court in the discharge of his duties than the terms of the law require de-

fining his duties, and fixing his compensation; said account for $222.50 is approved as a claim against McLennan county. It is ordered that this be entered on the minutes of this court. Richard I. Munroe, Judge 54th District Court."

The said Witty was subsequently indicted for murder, and tried for said offense in the district court of McLennan county, and the county attorney used said testimony taken in said lunacy proceedings to assist him in the examination of the witnesses. The county attorney had a stenographer who was paid out of the fees of his office. Said account was allowed by the commissioners' court, but appellee in its answer expressed a willingness to allow and pay said item for $7.50 when a proper account therefor was presented. The case was tried before a special judge without a jury, and judgment rendered for the defendant.

### Opinion.

Appellant bases his right to recovery under the facts above stated upon the following provision of section 8, c. 39, of the Acts of the First Called Session of 1909, p. 377: " * * * Provided further, however, that if, in any district, the said official shorthand reporter shall, within the judgment of the court, have rendered more services to the court in the discharge of his duties than the terms of this bill shall provide for, then and in that event the district judge shall certify to the commissioners' court of each county in his district, six months after the taking effect of this act, and at the end of every six months thereafter, whether or not in his judgment the compensation is commensurate with the services performed, and if not, that the certificate of said judge shall state the amount that in his judgment the said official shorthand reporter should receive from each of the counties in the district, and same shall be a claim against the county to be allowed or rejected by the commissioners' court as other claims against the counties. * * *" We construe the provision of the act above set out to mean that if the per diem received by the official stenographer for work done in reporting cases, and in performing other services under the actual direction of the court, together with the amount that he shall have received for transcripts of his notes, in any given period of six months, beginning when said act took effect, and from time to time thereafter, shall not be commensurate with the services performed during such six months period, the district judge shall certify such fact to the commissioners' court of the proper county, and shall state in said certificate the additional amount that should be paid by such county in order to render the compensation of said stenographer for said period commensurate with the work done.

The certificate of the district judge, as set out in the findings of fact herein, is not in compliance with said act, for which reason the account herein sued on was properly rejected by the commissioners' court of McLennan county.

The act above referred to took effect April 11, 1909, and consequently the six-month period would extend from April 11th to October 10th, and from October 11th to April 10th, inclusive, of each year. As the work for which this suit was brought was done March 30, 1911, it was done in the period between October, 1910, and April, 1911. The certificate of the district judge is to the effect "that in doing the work" for which the account was rendered the appellant "rendered more services to the court" than the terms of the bill provide for, in so far as it fixes compensation. This may be true, but it does not follow that during the six-month period in which said work was done the appellant did not receive from the per diem and fees fixed by said act "compensation commensurate with the services performed" during said period, and said certificate does not "state the amount that in his judgment said official reporter should receive" from McLennan county, in order to render the compensation of appellant adequate for the work done during the six-month period, in which the date of the work done is included.

In our opinion the work shown by the account herein sued on was done for the county attorney to assist him in properly preparing a case for trial, and we doubt if it is within the purview of the statute as hereinabove set out. The approval of the district judge of this account against McLennan county, in the manner and form as above shown, amounts to no more than would his approval of an account in favor of appellant and against an individual.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.